UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Michele R. Myers,

                              Plaintiff,

                                                    Case # 23-CV-6727-FPG

v.

                                                    DECISION AND ORDER

Schuyler Hospital, et al.,

                              Defendants.

## INTRODUCTION

Plaintiff Michele R. Myers brings this employment discrimination action against her former employer(s), Defendants Schuyler Hospital and Cayuga Health System.  Plaintiff alleges that Defendants unlawfully terminated her employment after she refused to receive a COVID-19 vaccination, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"). ECF No. 1.  Now before the Court is Defendants' motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).  ECF No. 12.  Plaintiff opposes the motion.  ECF No. 14.  For the following reasons, Defendants' motion is GRANTED.

## LEGAL STANDARD

A complaint will survive a motion to dismiss under Rule 12(b)(6) when it states a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 678.  In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the

1

plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

## BACKGROUND

At the time the COVID-19 pandemic began, Plaintiff was employed by Defendants as Director of Rehabilitation. Plaintiff alleges that, when the the COVID-19 vaccines became publicly available, Defendants did not initially require their employees to be vaccinated. Then, in August 2021, Defendants promulgated a new policy: employees could either receive the vaccine, or they could undergo weekly testing and follow the safety protocols that had been in place prior to the development of the vaccines. *See* ECF No. 1 at 4-5. This policy was superseded in September 2021, when Defendants mandated that employees receive the COVID-19 vaccine. *See id.* at 5. This new policy was necessary given the New York State Department of Health's adoption of "an emergency regulation that required most healthcare workers to be fully vaccinated against COVID-19." *Dr. A. v. Hochul*, 586 F. Supp. 3d 136, 139 (N.D.N.Y. 2022). Plaintiff does not dispute that Defendants were covered entities, and that she was a covered employee, subject to the emergency regulation. *See We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 296-97 (2d Cir. 2021) (quoting language of the emergency regulation).

Because the emergency regulation did not include "religious exemption language," *Dr. A.*, 586 F. Supp. 3d at 139, it became the subject of active litigation. One federal district court preliminarily enjoined enforcement of the regulation, *see id.* at 39-40, on the basis that it could be read to conflict with Title VII's command that employers must "accommodate the religious practice of their employees unless doing so would impose an undue hardship on the conduct of the

employer's business." *Groff v. DeJoy*, 600 U.S. 447, 453-54 (2023) (internal quotation marks omitted).

In light of the preliminary injunction, Defendants were willing to grant exemptions from the vaccine mandate to employees, like Plaintiff, whose sincerely held religious beliefs precluded them from receiving the vaccine. *See* ECF No. 1-2 at 1; *see also* ECF No. 1 at 2. Plaintiff was granted an exemption on October 29, 2021. *See id.* However, on that same day, the Second Circuit vacated the district court's injunction. *See We the Patriots USA, Inc. v. Hochul*, No. 21-2566, 2021 WL 5103443, at *1 (2d Cir. Oct. 29, 2021). On November 4, 2021, Defendants notified Plaintiff that the "only accommodation that can be made . . . [for employees] who have a strongly held religious objection to receiving the COVID-19 vaccine is to provide a fully remote working option, to the extent it is possible and does not result in an undue burden on [Defendants]." ECF No. 1-3 at 1. Defendants stated that, because Plaintiff's job could not be performed "in a fully remote environment," Defendants could not provide such accommodation to her. *Id.* To comply with state law, Defendants directed Plaintiff to become fully vaccinated by November 23, 2021 in order to continue her employment. *See id.* Defendant later extended this deadline to December 31, 2021. *See* ECF No. 1-1 at 1. Plaintiff did not obtain the vaccine, and she was therefore terminated effective January 7, 2022. *See* ECF No. 1 at 7.

Plaintiff filed this action in December 2023. She raises three claims: (1) disparate treatment on the basis of religion, in violation of Title VII; (2) disparate impact on the basis of religion, in violation of Title VII; and (3) failure to accommodate, in violation of the NYSHRL.[1] ECF No. 1 at 7-14.

---

[1] To the extent Plaintiff suggests that Defendants could have violated Title VII merely by failing to "engage in [a] cooperative dialogue with Plaintiff," ECF No. 14 at 3, regardless of whether there was a viable accommodation, the Court notes that no such cause of action exists. *See Shahid-Ikhlas v. N.Y. & Presbyterian Hosp., Inc.*, No. 22-CV-

## DISCUSSION

Defendants argue that Plaintiff's complaint should be dismissed in its entirety.  The Court discusses each claim in turn.

### I.    Disparate Treatment under Title VII

Disparate treatment occurs when an employer "treats some [employees] less favorably than others because of their race, color, religion, sex, or other protected characteristic." *Raytheon Co. v. Hernandez*, 540 U.S. 44, 52 (2003) (internal brackets omitted).  Title VII goes further and gives religious practices "favored treatment, affirmatively obligating employers" to accommodate an employee's "religious observance and practice." *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 775 (2015).  "To survive a motion to dismiss," Plaintiff must plausibly allege "(1) [she] held a bona fide religious belief conflicting with an employment requirement; (2) [she] informed [her] employers of this belief; and (3) [she] was disciplined for failure to comply with the conflicting employment requirement." *D'Cunha v. Northwell Health Sys.*, No. 23-476, 2023 WL 7986441, at *2 (2d Cir. Nov. 17, 2023) (summary order) (internal brackets omitted).  "An employer does not violate Title VII, however, if it can show that the prospective accommodation would cause the employer to suffer an undue hardship." *Id.* (internal quotation mars omitted).

It is undisputed that both Defendants and Plaintiff were subject to the emergency regulation that mandated COVID-19 vaccination for healthcare workers.  It follows that Defendants could not have "exempted" Plaintiff from that mandate without violating state law.  The Second Circuit has squarely held that it would constitute an undue hardship for an employer to violate the emergency regulation and thus "expos[e] itself to potential penalties." *Id.* at *3.  Therefore, as a

---

10643, 2023 WL 3628151, at *6 (S.D.N.Y. May 5, 2023) ("[W]here, as here, the only possible accommodation would cause undue hardship, an employer does not violate Title VII by failing to engage in an interactive process.").

matter of law, Defendants violated Title VII neither when they refused to exempt Plaintiff from the vaccination mandate, nor when they declined Plaintiff's alternative request to "be tested [] before each shift of work and wear a mask." ECF No. 1 at 11; ECF No. 1-5 at 2; *see also Brown v. South Shore Univ. Hosp.*, No. 23-CV-6374, 2025 WL 71730, at *15 (E.D.N.Y. Jan. 10, 2025) (observing that, because the emergency regulation "did not permit covered personnel to test for COVID-19 and wear a face covering in lieu of being vaccinated," the plaintiff's "willingness to take these measures" while unvaccinated "would [still] have caused [her employers] to violate" the emergency regulation). Accordingly, Plaintiff's religious discrimination claim under Title VII must be dismissed. *Accord D'Cunha*, 2023 WL 7986441, at *3.

The Court addresses one other matter before proceeding to Plaintiff's next claim. In both her complaint and in her opposition memorandum, Plaintiff alludes to her "willingness" to work remotely. ECF No. 1 at 5; ECF No. 14 at 4. While the Second Circuit foreclosed religious "exemptions" to New York's emergency regulation, it observed that an employer was not barred "from providing an employee with a reasonable accommodation that remove[d] the individual from the scope" of the regulation. *Patriots*, 17 F.4th at 292. In theory, this means that "an entirely 'remote' work schedule" could constitute a reasonable accommodation, since it would remove the employee from the scope of the regulation. *Jackson v. N.Y.S. Office of Mental Health – Pilgrim Psychiatric Ctr.*, No. 23-CV-4164, 2024 WL 1908533, at * (E.D.N.Y. May 1, 2024); *see also Patriots*, 17 F.4th at 297 (stating that the emergency regulation's vaccine mandate only applies to employees "who engage in activities such that if they were infected with COVID-19, they could potentially expose other covered personnel, patients or residents to the disease"). However, although Plaintiff mentions remote work in passing, she never expressly makes the claim that her

job responsibilities could actually have been fully performed remotely.[2]  The Court therefore declines to address it.  To the extent Plaintiff wishes to amend her complaint to formally allege that Defendants violated Title VII by refusing to make her role fully remote, Plaintiff may notify the Court of such in her supplemental letter (discussed in Section III, *infra*).

## II.    Disparate Impact under Title VII

Plaintiff's disparate-impact theory is that the vaccine mandate "caused a disparate impact on the basis of religion," insofar as those who "religiously oppose the COVID-19 vaccination were unable to continue working due to the Vaccine Mandate," while those "who did not religiously oppose the COVID-19 vaccination were able to continue working."  ECF No. 1 at 13.  Although Defendants do not expressly address this claim, *see* ECF Nos. 12, 15, *sua sponte* dismissal is appropriate because it is "unmistakably clear" that this claim "lacks merit" as currently pleaded. *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018).

"[D]isparate-impact claims involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity."  *Raytheon*, 540 U.S. at 52 (internal quotation marks omitted).  "Pursuing a disparate impact claim is often a complicated endeavor.  Such claims follow a three-part analysis involving shifting evidentiary burdens.  The plaintiff bears the initial burden of making a *prima facie* showing of disparate impact.  This requires the plaintiff to (1) identify a specific employment practice or policy; (2) demonstrate that a disparity exists; and (3) establish a causal relationship between the two."  *Mandala v. NTT Data, Inc.*, 975 F.3d 202, 207 (2d Cir. 2020) (internal quotation marks, citations, and brackets omitted; emphasis added).  "At the *prima*

---

[2] As stated above, Defendants were clearly of the view that Plaintiff could not fully perform her job duties in a remote posture.  *See* ECF No. 1-1 at 1.  Plaintiff never suggests in her materials that this view was mistaken; she only states her "willingness" to work remotely.

*facie* stage, a plaintiff's [evidence] must demonstrate that the disparity is substantial or significant, and must be of a kind and degree sufficient to reveal a causal relationship between the challenged practice and the disparity." *Id.* at 209 (internal quotation marks and brackets omitted). To survive a motion to dismiss, a plaintiff "need not plead a *prima facie* case, [but] must at least set forth enough factual allegations to plausibly support each of the three basic elements of a disparate impact claim." *Id.* at 209. This includes some statistical allegations that "plausibly suggest that the challenged practice *actually* has a disparate impact." *Id.* at 210.

In this case, Plaintiff presents no allegations to support her claim that Defendants' vaccination requirement caused a disparate impact on the basis of religion. Her mere conclusory assertion of such an impact is insufficient to thwart summary dismissal. *See* ECF No. 1 at 13; *see also Gunsalus v. City of Syracuse, NY*, No. 21-CV-1188, 2022 WL 16949600, at *6 (N.D.N.Y. Nov. 15, 2022) (dismissing disparate-impact claim where plaintiff provided "no statistical or even anecdotal support" for the claim). District courts in this circuit have specifically addressed, and rejected, the types of conclusory allegations that Plaintiff presents to support her claim of a disparate impact in connection with a vaccination mandate. *See Brown*, 2025 WL 71730, at *17; *Rizzo v. N.Y.C. Dep't of Sanitation*, No. 23-CV-7190, 2024 WL 3274455, at *5 (S.D.N.Y. July 2, 2024); *Lopes v. City of New York*, No. 22-CV-8271, 2024 WL 3952596, at *5 (S.D.N.Y. Aug. 27, 2024).

Having failed to proffer facts plausibly supporting her claim, Plaintiff's disparate-impact claim under Title VII must be dismissed. To the extent Plaintiff wishes to be heard regarding dismissal, or would like an opportunity to amend the complaint with respect to this claim, she may inform the Court of such in her supplemental letter (discussed in Section III, *infra*).

### III.    Failure to Accommodate under the NYSHRL

Defendants argue that Plaintiff's NYSHRL claim should be dismissed "for the same reasons" as her Title VII disparate-treatment claim. ECF No. 12-2 at 15. The Court declines to substantively address Plaintiff's NYSHRL claim at this time.

The basis for the Court's subject matter jurisdiction over this action is federal-question jurisdiction. ECF No. 1 at 4. The Court has supplemental jurisdiction over Plaintiff's NYSHRL claim. *See* 28 U.S.C. § 1367(a). Under Section 1367(c)(3), a court may decline to exercise supplemental jurisdiction over a state-law claim where the court has "dismissed all claims over which it has original jurisdiction." Because the Court has dismissed all of Plaintiff's federal-law claims, it must decide whether to exercise supplemental jurisdiction over Plaintiff's state-law claims before addressing the merits of those claims.

The Court intends to conclude that this case "is not a proper instance" to exercise supplemental jurisdiction. *See Shovah v. Mercure*, 44 F. Supp. 3d 504, 513 (D. Vt. 2014). "In deciding whether to exercise its supplemental jurisdiction, a district court should balance the traditional values of judicial economy, convenience, fairness, and comity." *Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 511 (S.D.N.Y. 2015). The relatively early stage of this litigation, including the fact that discovery has not yet occurred, counsels in favor of declining to exercise supplemental jurisdiction over Plaintiff's NYSHRL claim. *See Astra Media Group, LLC v. Clear Channel Taxi Media, LLC*, 414 F. App'x 334, 337 (2d Cir. 2011) (summary order) ("[W]e have generally held that where all the federal claims have been dismissed at a relatively early stage, the district court should decline to exercise supplemental jurisdiction over pendent state-law claims."); *see also Jordan*, 91 F. Supp. 3d at 511 (noting that "[b]oth the Second Circuit and the Supreme Court have held that, as a general rule, when the federal claims are dismissed the state

claims should be dismissed as well" (internal quotation marks & citations omitted)).  The Court

can discern no "extraordinary inconvenience" or "inequity" occasioned by permitting Plaintiff's

NYSHRL claim to be refiled in state court.  *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118,

123-24 (2d Cir. 2006).

Accordingly, the Court intends to decline to exercise supplemental jurisdiction over

Plaintiff's NYSHRL claim, and intends to dismiss it without prejudice to refiling in state court.

Before doing so, the Court will give the parties an opportunity to be heard on the matter.  *See*

*Catzin*, 899 F.3d at 83 ("Hearing from the parties either in person or on the papers is typically an

essential component of the inquiry into whether to decline to exercise supplemental jurisdiction.").

The parties may file supplemental letters addressing whether the Court should exercise

supplemental jurisdiction over Plaintiff's NYSHRL claim.

## CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss (ECF No. 12) is

GRANTED with respect to the federal-law claims.   By **February 18, 2025**, the parties may file

supplemental letters addressing whether the Court should exercise supplemental jurisdiction over

Plaintiff's NYSHRL claim.

IT IS SO ORDERED.

Dated: February 4, 2025
      Rochester, New York

 

                                          _____
                                          HON. FRANK P. GERACI, JR.
                                          United States District Judge
                                          Western District of New York